UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
:
TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND,    :
WELFARE FUND, ANNUITY FUND, AND        :    21cv4783 (DLC)
APPRENTICESHIP, JOURNEYMAN RETRAINING, :
EDUCATIONAL, AND INDUSTRY FUND, et     :    MEMORANDUM
al.,                                   :    OPINION AND ORDER
:
                         Petitioners,  :
:
          -v-                          :
:
SUB-TECH SERVICES, LLC,                :
:
                         Defendant.    :
:
-------------------------------------- X

DENISE COTE, District Judge:

   The petitioners -- the New York City District Council of Carpenters, related pension funds and charity funds (the "funds"), and a related non-profit corporation -- have filed this case to confirm an arbitration award and for associated attorneys' fees and costs.  Respondent Sub-Tech Services, LLC ("Sub-Tech") has not appeared in this action to oppose the petition or for any other reason.  For the following reasons, the petition is granted.

## Background

   The following facts are derived from the petition to confirm an arbitration award.

In 2003, Sub-Tech entered into a collective bargaining agreement ("CBA") with petitioner New York City District Council of Carpenters. That collective bargaining agreement was renewed in 2011 and again in 2017. Pursuant to those CBAs, Sub-Tech was required to make contributions to the Funds for each hour worked by employees covered by the CBAs. Sub-Tech was also required to furnish its books and payroll records upon request by the Funds. Finally, the CBAs allowed the trustees of the Funds to establish policies for the collection of employer contributions to the Funds. Pursuant to that provision of the CBAs, the trustees under the Funds adopted a policy by which disputes regarding contributions to the Funds would be submitted to arbitration. That policy also set forth a procedure for estimating the sum of an employer's delinquent contributions if an employer failed to provide its books and records, as well as a provision under which the Funds would be entitled to collect interest, liquidated damages, and attorneys' fees and costs if they were required to arbitrate a dispute over unpaid contributions.

The Funds sought an audit of Sub-Tech's contribution practices, but Sub-Tech failed to provide its books and records for analysis. In accordance with its established policy, the Funds conducted an estimation and concluded that Sub-Tech had

failed to remit $1,755,146.93 in contributions. Pursuant to the CBAs, the petitioners initiated arbitration.

An arbitration hearing was held on February 4, 2021. Sub-Tech did not appear at the arbitration hearing, and after concluding that Sub-Tech had received legally sufficient notice of the hearing, the arbitrator found Sub-Tech to be in default. The arbitrator rendered an award to the petitioners on February 6, 2021. The arbitrator found that Sub-Tech had violated the CBAs by failing to produce its records for an audit, and, pursuant to the CBAs and the Funds' policy, the arbitrator awarded the funds $1,755,146.93 in deficient contributions, $225,235.24 in interest, liquidated damages of $351.029.39, and attorneys' fees and costs. Sub-Tech has failed to pay any portion of the award and has not applied to vacate or modify the award.

The petitioners commenced this action to confirm the arbitration award on May 28, 2021. Pursuant to a scheduling order entered on June 3, 2021, Sub-Tech was obligated to file any response by July 28, 2021. Sub-Tech did not file a response by that date or otherwise appear.

## Discussion

Although Sub-Tech has failed to appear in this proceeding to confirm an arbitration award, the Second Circuit has held

that "default judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, an unopposed petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the [petitioner's] submissions," and the court "may not grant the [petition] without first examining the [petitioner's] submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may be granted only when the parties' submissions "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the

party against whom summary judgment is sought." Moreno-Godoy v. Kartagener, 7 F.4th 78, 84 (2d Cir. 2021) (citation omitted).

"The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Beijing Shougang Mining Inv. Co. v. Mongolia, ___ F.4th ___, 2021 WL 3776309, at *11 (2d Cir. Aug. 26, 2021) (citation omitted). "The review of arbitration awards is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Id. (citation omitted).

"Courts . . . play only a limited role when asked to review the decision of an arbitrator, and only a very narrow set of circumstances delineated by statute and case law permit vacatur." Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007) (citation omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact. Indeed, Sub-Tech has not submitted any opposition. The petition to confirm the arbitration award is therefore granted.

Petitioners also seek, pursuant to the CBAs, $1,907.50 in attorney's fees and $75 in costs for the confirmation proceeding. Sub-Tech has not opposed this request. Therefore, the request for attorney's fees and costs for the confirmation proceeding is granted.

## Conclusion

The petition to confirm the arbitration award is granted. The petitioners are awarded judgment in the amount of $2,334,311.56, the sum of the arbitration award, with interest accruing at a 5.25% annual rate from February 6, 2021. The petitioners are also awarded post-judgment interest at the statutory rate. 28 U.S.C. § 1961. Finally, attorney's fees and costs for the confirmation proceeding in the amount of $1,982.50 are awarded to petitioners. The Clerk of Court shall enter judgment for the petitioners and close the case.

Dated:   New York, New York
         October 5, 2021

DENISE COTE
United States District Judge